IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY and GENERAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> A & J COMMUNICATIONS, LLC; ANTHONY HENDERSON; AMY IRVIN; JLC COMMUNICATIONS, INC.; and JEANELLA BUTLER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Ohio Security Insurance Company and General Insurance Company of America, by and through their attorneys of record, seek a declaration, pursuant to 28 U.S.C. § 2201, that there is no coverage under a commercial business auto insurance policy and a commercial protector insurance policy issued to A&J Communications, LLC for bodily injuries alleged by Jeanella Butler, and further states and alleges:

**PARTIES**

1. Plaintiff Ohio Security Insurance Company ("Ohio Security") is an insurance company organized and existing under the laws of the state of New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts. Ohio Security is, accordingly, a citizen of New Hampshire and Massachusetts.

2. Plaintiff General Insurance Company of America ("General Insurance") is an insurance company organized and existing under the laws of the State of New

Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts. General Insurance is, accordingly, a citizen of New Hampshire and Massachusetts.

3. Defendant A&J Communications, LLC ("A&J") is an Arkansas limited liability company. Upon information and belief, no member of the limited liability company is a citizen of New Hampshire or Massachusetts. Upon information and belief, the members of A&J are Anthony Henderson and Jeanella Butler, who are both individuals and residents and citizens of the State of Arkansas.

4. Defendant Anthony Henderson is an individual and, upon information and belief, a resident and citizen of the State of Arkansas.

5. Defendant Amy Irvin is an individual and, upon information and belief, a resident and citizen of the State of Arkansas.

6. Defendant JLC Communications, Inc. ("JLC") is an Arkansas corporation with its principal place of business in Bryant, Arkansas. JLC is, accordingly, a citizen of Arkansas.

7. Defendant Jeanella Butler is an individual and, upon information and belief, a resident and citizen of the State of Arkansas.

## JURISDICTION AND VENUE

8. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this dispute occurred in this District.

10. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

## FACTUAL ALLEGATIONS

11. On or about February 2, 2020, Jeanella Butler, Amy Irvin, and Anthony Henderson were working for A&J installing fiber optic cables in New Haven, Missouri.

12. Upon information and belief, A&J was then a subcontractor for JLC.

13. Upon information and belief, Butler, Irvin, and Henderson were all occupying a pickup truck owned and supplied by JLC and/or JLC's owner, Jimmy Johnson.

14. The pickup truck was hauling a trailer.

15. Upon information and belief, following a verbal disagreement between and amongst Butler, Irvin, and Henderson, Butler prepared to ride in the back of the pickup truck.

16. Upon information, Butler was standing in the back of the pickup truck when Irvin accelerated the truck.

17. Butler fell from the pickup truck and alleges that she was run over by the trailer.

18. Butler alleges that she sustained bodily injuries as a result of the above-described events.

19. On March 31, 2021, Butler filed a civil action against A&J, Henderson, Irvin, and JLC in the Circuit Court of Franklin County, Missouri, case number 21AB-CC00064 (the "Underlying Action"), which is now pending.

20. Defendants A&J, Henderson, and Irvin have tendered their defense in the Underlying Action to Plaintiffs.

3

21. Defendant JLC contends that, by virtue of its subcontract agreement with A&J, it is an additional insured under one or both of the insurance policies issued by Plaintiffs to A&J.

22. Defendant JLC has tendered its defense in the Underlying Action to Plaintiffs.

23. Ohio Security issued a commercial business auto insurance policy, Policy No. BAS 60549364, to Anthony Henderson, d/b/a A&J Communications, LLC (the "Business Auto Policy"). *See* **Exhibit 1**.

24. The Business Auto Policy has a policy period of January 15, 2020 to August 7, 2020. Business Auto Policy, **Exhibit 1**, at p. OSIC0002.

25. The Business Auto Policy has a limit of liability of $1 million per accident.

26. General Insurance issued a Commercial Protector insurance policy with businessowners liability coverage, Policy No. BWG 60549364, to A&J Communications, LLC (the "Commercial Liability Policy). *See* **Exhibit 2**.

27. The Commercial Liability Policy has a policy period of October 29, 2019 to August 1, 2020. Commercial Liability Policy, **Exhibit 2**, at p. GICA0002.

28. The Commercial Liability Policy has a limit of liability of $1 million per occurrence.

29. The amount in controversy therefore exceeds $75,000, exclusive of costs and interest.

30. As set forth more fully below, there is no coverage afforded under either the Business Auto Policy or the Commercial Liability Policy for this claim.

31. Accordingly, a real and present case and controversy is presented.

## THE POLICIES

32. The Business Auto Policy's Declarations state that the liability coverage is subject to "Covered Auto Symbol(s) 07."  Business Auto Policy, **Exhibit 1**, at p. OSIC0008.

33. The Business Auto Policy's Declarations does not list the pickup truck that was the vehicle being operated by Amy Irvin at the time of the accident.

34. As of the date of the accident, February 2, 2020, the only listed vehicle on the Business Auto Policy was a 2002 Dodge Stratus passenger vehicle, which was not the vehicle involved in this accident.

35. The Business Auto Policy provides:

> ITEM TWO: SCHEDULE OF COVERAGES AND COVERED AUTOS
>
> This policy provides only those coverages where a charge is shown in the premium column below.  Each of these coverages will apply only to those "autos" shown as covered "autos".  "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Business Auto Coverage Form next to the name of the coverage.

Business Auto Policy, **Exhibit 1**, at p. OSIC0008.

36. The Business Auto Policy's liability coverage is provided only for Covered Auto Symbol 07.  Business Auto Policy, **Exhibit 1**, at p. OSIC0008.

37. Symbol 07 affords the following coverage:

> BUSINESS AUTO COVERAGE FORM
>
> . . .
>
> SECTION I - COVERED AUTOS
>
> ITEM TWO of the Declarations  shows the "autos" that are covered "autos" for each of your coverages. The following

5

numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 07 | Specifically Described "Autos" | Only those "autos" described in Item Three of Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

Business Auto Policy, **Exhibit 1**, at p. OSIC0141.

38. The pickup truck involved in this accident is not described in Item Three of the Declarations of the Business Auto Policy. Business Auto Policy, **Exhibit 1**, at p. OSIC0011-12.

39. The trailer involved in this accident was not attached to any "power unit descried in Item Three" of the Declarations of the Business Auto Policy.

40. The Business Auto Policy's insuring agreement provides:

SECTION II - LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

. . .

    1.Who Is An Insured

> The following are "insureds":
>
> > a. You for any covered "auto."
> >
> > b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
> >
> > > (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
> >
> > . . .

Business Auto Policy, **Exhibit 1**, at p. OSIC0142, OSIC0154.

41. The pickup truck involved in the accident is not a covered auto under the Business Auto Policy.

42. The trailer involved in the accident is not a covered auto under the Business Auto Policy.

43. Neither A&J, Henderson, nor Irvin are an "insured" under the Business Auto Policy, because they were not operating a covered auto.

44. JLC is not an "insured" under the Business Auto Policy, because it did not own a "covered 'auto'" within the meaning of the policy.

45. Accordingly, the Business Auto Policy does not afford liability coverage for defendants for this accident.

46. The Commercial Liability Policy is subject to an exclusion for motor vehicles:

> g. Aircraft, Auto Or Watercraft
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented

7

> or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

Commercial Liability Policy, **Exhibit 2**, at p. GICA0058.

47. The Commercial Liability Policy defines "auto" as:

> F. Liability And Medical Expenses Definitions
>
> . . .
>
> 2.  "Auto" means:
>
>> a.  A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; . . .

Commercial Liability Policy, **Exhibit 2**, at p. GICA0066.

48. Both the pickup truck being operated by Irvin at the time of the accident and the trailer being hauled behind the truck are "autos" within the meaning of the Commercial Liability Policy.

49. The claims asserted in the Underlying Action all arise out of the ownership, use, or entrustment of an auto.

50. The claims asserted in the Underlying Action are excluded from coverage under the Commercial Liability Policy by virtue of the auto exclusion.

51. JLC and A&J entered into a Subcontractor Agreement, dated October 29, 2019.  *See* Subcontractor Agreement, **Exhibit 3**.

8

52. The Subcontractor Agreement recognizes that any commercial liability insurance policy obtained by A&J would exclude automobile liability.  See **Exhibit 3** at Section V.B.

53. The Commercial Liability Policy does not afford liability coverage for this accident.

54. Although the Subcontract Agreement requires A&J to obtain business auto liability insurance that covers "all owned, non-owned, and hired vehicles that are or may be used" by A&J, A&J did not obtain such coverage from Plaintiffs.

55. Plaintiffs' obligations are defined by the terms of the insurance policies they issued, and not by the Subcontract Agreement between A&J and JLC.

**COUNT I – DECLARATION THAT THE BUSINESS AUTO POLICY AFFORDS NO COVERAGE BECAUSE THE TRUCK INVOLVED IN THE ACCIDENT WAS NOT DESCRIBED IN THE DECLARATIONS.**

56. Plaintiffs reallege and incorporate by reference paragraphs 1-55.

57. The Business Auto Policy affords coverage only for "those 'autos' described in Item Three of Declarations for which a premium charge is shown."

58. The pickup truck, owned by JLC and/or by Jimmy Johnson, is not described in Item Three of the Declarations.

59. Anthony Henderson, d/b/a A&J Communications, LLC, did not pay a premium for the pickup truck involved in the accident.

60. The trailer involved in the accident was not affixed to an auto described in Item Three of the Declarations.

61. Accordingly, the Business Auto Policy affords no coverage for any of the defendants who have sought coverage thereunder with respect to the claims in the Underlying Action.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiffs Ohio Security Insurance Company and General Insurance Company of America request that the Court enter its judgment declaring that the Business Auto Policy does not afford coverage to defendants because the pickup truck and trailer involved in the accident are not covered autos under the policy.

## COUNT II – DECLARATION THAT THE BUSINESS AUTO POLICY EXCLUDES COVERAGE FOR THIS ACCIDENT.

62. Plaintiffs reallege and incorporate by reference paragraphs 1-61.

63. The Business Auto Policy excludes from coverage bodily injury that may be compensable under workers' compensation law:

> B. Exclusions
>
> This insurance does not apply to any of the following:
>
> . . .
>
> 3. Workers' Compensation
>
> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

64. The Business Auto Policy also excludes from coverage bodily injury to employees of the insured:

> B. Exclusions
>
> This insurance does not apply to any of the following:
>
> . . .
>
> 4. Employee Indemnification And Employer's Liability
>
> "Bodily injury" to:
>
> > a. An "employee" of the "insured" arising out of and in the course of:

>> (1) Employment by the "insured"; or
>>
>> (2) Performing the duties related to the conduct of the "insured's" business; . . .
>
> . . .
>
> This exclusion applies:
>
>> (1) Whether the "insured" may be liable as an employer or in any other capacity; and
>>
>> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> . . .

65. The Business Auto Policy also excludes from coverage bodily injury to fellow employees:

> B. Exclusions
>
> This insurance does not apply to any of the following:
>
> . . .
>
> 5. Fellow Employee
>
> "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

66. Jeanella Butler alleges in the Underlying Action that she was an employee of A&J at the time of the accident.

67. Butler alleges in the Underlying Action that Irvin and Henderson were employees of A&J at the time of the accident.

68. Butler alleges in the Underlying Action that she was injured "during a job."

69. Accordingly, the Business Auto Policy excludes coverage for the claims in the Underlying Action.

11

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiffs Ohio Security Insurance Company and General Insurance Company of America request that the Court enter its judgment declaring that the Business Auto Policy excludes coverage under the workers' compensation exclusion, the employee indemnification and employer's liability exclusion, and/or the fellow employee exclusion.

### COUNT III – DECLARATION THAT THE COMMERCIAL LIABILITY POLICY EXCLUDES COVERAGE FOR THIS ACCIDENT.

70. Plaintiffs reallege and incorporate by reference paragraphs 1-69.

71. The Commercial Liability Policy excludes from coverage bodily injury "arising out of the ownership, maintenance, use or entrustment to others" of any auto "owned or operated by or rented or loaned to any insured."

72. The pickup truck involved in the accident was operated by Amy Irvin, an employee of A&J.

73. Accordingly, the Commercial Liability Policy's auto exclusion excludes coverage for the claims in the Underlying Action.

74. The Commercial Liability Policy also excludes from coverage bodily injury that may be compensable under workers' compensation law:

> B. Exclusions
>
> 1. Applicable To Business Liability Coverage
>
> This insurance does not apply to:
>
> . . .
>
> d. Workers' Compensation

> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

75. The Commercial Liability Policy also excludes from coverage bodily injury to employees of the insured:

> B. Exclusions
>
> 1. Applicable To Business Liability Coverage
>
> This insurance does not apply to:
>
> . . .
>
> e. Employer's Liability
>
> "Bodily injury" to:
>
>> (1) An "employee" of the "insured" arising out of and in the course of:
>>
>>> (a) Employment by the "insured"; or
>>>
>>> (b) Performing the duties related to the conduct of the "insured's" business; . . .
>>
>> . . .
>>
>> This exclusion applies whether the "insured" may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>>
>> . . .

76. Jeanella Butler alleges in the Underlying Action that she was an employee of A&J at the time of the accident.

77. Butler alleges in the Underlying Action that Irvin and Henderson were employees of A&J at the time of the accident.

78. Butler alleges in the Underlying Action that she was injured "during a job."

13

79. Accordingly, the Commercial Liability Policy's workers' compensation exclusion and/or employer's liability exclusion exclude(s) coverage for the claims in the Underlying Action.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiffs Ohio Security Insurance Company and General Insurance Company of America request that the Court enter its judgment declaring that the Commercial Liability Policy excludes coverage under the auto exclusion, the workers' compensation exclusion, and/or the employer's liability exclusion.

/s/ Angela M. Clark
Angela M. Clark          MO# 52159
John L. Kellogg          MO# 46533
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
aclark@bscr-law.com
jkellogg@bscr-law.com
ATTORNEYS FOR PLAINTIFFS