UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) No. 4:21-cv-01089-AGF ) |
| A & J COMMUNICATIONS, LLC, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiffs in this insurance coverage dispute seek a declaratory judgment, pursuant to 28 U.S.C. § 2201, that there is no coverage under commercial insurance policies issued to Defendant A&J Communications, LLC ("A&J") for bodily injuries alleged by Defendant Jeanella Butler in an underlying tort lawsuit currently pending in state court ("Underlying Tort Suit"). Butler, an employee of A&J, was enlisted by A&J to perform fiberoptic cable installation work for another company, Defendant JLC Communications ("JLC"). While traveling to the jobsite on the back of a pickup truck owned by JLC, Butler fell and was injured.

Butler filed the Underlying Tort Suit against A&J, JLC, and two A&J employees who were driving and riding in the pickup truck, respectively. Butler alleged that these Defendants were negligent. While that suit was pending, Plaintiffs Ohio Security Insurance Company and General Insurance Company of America filed the instant declaratory judgment action in this Court, seeking a declaration that the relevant policies exclude coverage for Butler's personal injury claims.

Butler thereafter amended her complaint in the Underlying Tort Suit to add new theories of negligence, based on A&J's alleged violation of federal Occupational Health and Safety Administration (OSHA) regulations.  Butler now moves (ECF No. 10) to dismiss Plaintiffs' declaratory judgment action in this Court, arguing that action has been mooted by the amendment of claims in the Underlying Tort Suit.  Plaintiffs oppose Butler's motion, and Butler has not filed a reply.

## DISCUSSION

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C.§ 2201(a).  "The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (citation omitted).

Declaratory judgment actions are quite common in insurance coverage disputes because "[a]n insurer who is not a party to [a parallel state court] proceeding is entitled to have the extent of the coverage of its policy declared."  *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466, 471 (8th Cir. 2008) (citation omitted).  "In the insurance policy coverage context, a declaratory judgment action is ripe irrespective of whether the underlying litigation is ongoing or resolved."  *Scottsdale Ins. Co. v. Universal Crop*

*Prot. All., LLC*, 620 F.3d 926, 934 (8th Cir. 2010).

Butler's bare-bones motion has not cited, and the Court has not found, any authority for the proposition that the mere addition of legal theories to an underlying state court action will moot the related declaratory judgment action regarding insurance coverage. Indeed, as Plaintiffs note, such a rule would allow litigants to avoid an adverse coverage declaration simply by seeking to amend the related state-court pleadings.

Upon review of the record and careful consideration of the parties arguments, the Court concludes an actual controversy remains in this case—namely, whether the incident giving rise to Butler's injuries is covered by the relevant insurance policies. Butler has not established mootness.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** Defendant Jeanella Butler's motion to dismiss is **DENIED**. ECF No. 10.

AUDREY G. FLEISSIG<br>
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2021